UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMA GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-123 |
| | § | |
| HOMELAND INSURANCE COMPANY OF | § | |
| NEW YORK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Emma Gonzalez's ("Gonzalez") Motion to Remand (Doc. 7), as well as Defendants Homeland Insurance Company of New York ("Homeland"), One Beacon Insurance Company ("One Beacon"), Precise Adjustments, Inc. ("Precise"), Mike Murphy ("Murphy"), and Pamela J. Ball's ("Ball") response (Doc. 8), and Gonzalez's reply (Doc. 11). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's Motion to Remand should be denied.

I.  Background and Relevant Facts

This is an insurance case. Plaintiff Gonzalez alleges her house at 10926 Malden Drice in Houston, Texas, sustained roof and water damage as a result of Hurricane Ike on September 13, 2008. (Pl.'s Original Pet., Doc. 1-1 at 8.) Gonzalez's house was covered by a Texas homeowners' insurance policy (the "Policy") issued by Defendant Homeland. (*Id.*) After the storm, Gonzalez submitted a claim to Homeland. (*Id.*) Homeland assigned its employee adjuster, Defendant Ball, and the independent insurance adjusting firm, Defendant Precise, to adjust the claim. (*Id.* at 9.) Defendant Precise in turn assigned Defendant Murphy as its

individual adjuster on the claim. (*Id.*) Murphy visited Gonzalez's house to inspect the damage. (*Id.*) Gonzalez alleges that:

> Defendant Murphy conducted a substandard inspection of Plaintiff's property. Murphy spent a mere twenty (20) minutes inspecting Plaintiff's entire Property for hurricane damages. This is evident in his report, which failed to include all of Plaintiff's Hurricane Ike damages noted upon inspection. Moreover, the damages that Defendant Murphy actually included in his report were grossly undervalued. Defendant Ball also actively participated in the investigation of Plaintiff's claim. Specifically, she corresponded with Plaintiff regarding her claim in a letter dated October 24, 2008. Ball's letter shows that she failed to thoroughly review Murphy's assessment of the claim and ultimately approved Murphy's inaccurate report of the damages. As a result of these defendants' unreasonable investigation, Plaintiff was considerably underpaid on her claim and has suffered damages.

(*Id.*)

On December 3, 2010, Plaintiff Gonzalez filed her Original Petition in the 11th Judicial District Court of Harris County, Texas, bringing claims against Defendants Murphy, Ball, and Precise for fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code, and against Defendants Homeland and/or One Beacon for breach of contract, breach of the duty of good faith and fair dealing, fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code. (*Id.* at 13–20.) On January 12, 2011, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b). (Doc. 1 at 1.) Plaintiff Gonzalez now moves for remand to state court. (Doc. 7.)

II. Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all

named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from state court to the "district court of the United States for the district and division within which such action is pending . . . ." The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move to remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III.  Discussion

Plaintiff Gonzalez argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse. Defendants contend that Gonzalez improperly joined Precise and Murphy to defeat diversity. The "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "[T]he burden of demonstrating fraudulent

joinder is a heavy one[.]" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In the Fifth Circuit, there are two recognized ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005) (internal quotation omitted).  Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  A reasonable basis for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one.  *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003).

When evaluating the Plaintiff's possibility of recovering against the in-state Defendants, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309.  The Court may also "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63); *accord, Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).  However, the Court "must evaluate all of the factual allegations in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Precise or Murphy, the in-state defendants.

*Smallwood*, 385 F.3d at 573.  Defendants urge that Gonzalez cannot recover from Precise or Murphy because she has "failed to allege viable claims against the adjuster defendants . . . ." (Doc. 8 at 11.)  Gonzalez argues that Defendant "Murphy created a wholly deficient report as a result of his substandard inspection of the claim, which was in part, the cause of much of Plaintiff's damages complained about in this suit."  (Doc. 7 at 2.)  Nowhere, however, does Gonzalez plead any specific facts, or explain the what, where, when, and how, to support these allegations.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Emma Gonzalez's ("Gonzalez") Motion to Remand (Doc. 7) is **DENIED**.

The Court further **ORDERS** that Defendants Precise Adjustments, Inc. and Mike Murphy are **DISMISSED**.

SIGNED at Houston, Texas, this 25th day of July, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE